IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHRISTINE LEVINSON, as Conservator for
ROBERT LEVINSON; CHRISTINE LEVINSON;
SUSAN LEVINSON BOOTHE; STEPHANIE
LEVINSON CURRY; SARAH LEVINSON
MORIARTY; SAMANTHA LEVINSON;
DANIEL LEVINSON; DAVID LEVINSON; and
DOUGLAS LEVINSON,

     Plaintiffs,

v.                                       CIVIL ACTION NO.: 1:17-cv-00511-TJK

THE ISLAMIC REPUBLIC OF IRAN,
c/o Ministry of Foreign Affairs,

     Defendant.

_____/

**PLAINTIFFS' MOTION FOR ORDER PURSUANT
TO 28 U.S.C. § 1610(c) AND MEMORANDUM IN SUPPORT THEREOF**

Pursuant to 28 U.S.C. § 1610(c), Plaintiffs, by and through undersigned counsel, hereby

move this Court for an order authorizing enforcement of the final judgment this Court entered on

October 1, 2020.  This judgment was served on Defendant the Islamic Republic of Iran ("Iran")

on February 3, 2021 pursuant to 28 U.S.C. § 1608(e).  Five months have elapsed since the entry

of judgment and more than five weeks have elapsed since Plaintiffs' service of the judgment on

Defendant.  Defendant has not made any effort to satisfy the judgment. Because a reasonable

period of time has elapsed following the entry of judgment and the giving of any notice, entry of

an order authorizing enforcement of the final judgment is appropriate.

**PROCEDURAL BACKGROUND**

On October 1, 2020, this Court entered a final default judgment against Iran for compensatory damages in the total amount of $107,000,000, and punitive damages in the total amount of $1,350,000,000. (Order at ECF No. 71).  On October 6, 2020, Plaintiffs requested this Court to effect service of the Order and Opinion, together with a translation of each into Farsi, the official language of Iran, via FedEx to the head of the ministry of foreign affairs. (ECF No. 74). The Court mailed those documents on October 8, 2020 (ECF No. 75), and the tracking information accompanying the FedEx International Waybill shows that the documents were sent to the Iranian Foreign Minister, Mohammed Javad Zarif. (ECF No. 75-1).  The package was returned and filed with the Court on October 15, 2020, as not being served.  (ECF No. 78).

That same day, Plaintiffs requested foreign mailing of the Order and Opinion, together with a translation of each into Farsi, by way of the U.S. Department of State  pursuant to 28 U.S.C. § 1608(a)(4).  (ECF No. 79, amended at ECF No. 80).  Four days later, on October 19, 2020, the Clerk of Court entered a certificate of mailing showing that the Clerk mailed two copies of the default judgment, together with a translation of each into the official language of the foreign state, pursuant to 28 U.S.C. § 1608(a)(4).  (ECF No. 82; *see also* ECF No. 83).

On March 12, 2021, the Court docketed a letter from the U.S. Department of State showing that the Foreign Interests Section of the Embassy of Switzerland in Tehran delivered the Default (ECF No. 35); the Court's Order (ECF No. 66); Memorandum Opinion (ECF No. 72); Judgment in a Civil Action (ECF No. 73); and Notice of Default Judgment to the Islamic Republic of Iran pursuant to 28 U.S.C. §§ 1608(a)(4) and (e).  (ECF No. 85).  These documents were delivered to the Iranian Ministry of Foreign Affairs under cover of diplomatic note No. 1008-IE on February 3, 2021.  *Id.*  As such, service of the judgment on Defendant is complete.

**ARGUMENT**

Pursuant to 28 U.S.C. § 1610(c), "[n]o attachment or execution . . . shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter." Accordingly, under this provision, Plaintiffs must show that 1) notice was properly given under 28 U.S.C. § 1608(e), and 2) a reasonable period of time has elapsed following entry of judgment and service of the judgment.

Both requirements have been satisfied here.  First, Defendant was properly served under 28 U.S.C. § 1608(e).  That provision states that a copy of a default judgment entered against a foreign state under the Foreign Sovereign Immunities Act ("FSIA") "shall be sent to the foreign state . . . in the manner prescribed for service in this section."  As this Court held in its Opinion granting the default judgment, service of Iran was proper under the method set forth in Section 1608(a)(4) when the Levinsons "started service through diplomatic channels under § 1608(a)(4) by diplomatic note forwarded by the Department of State to the American Interests Section of the Swiss Embassy in Tehran . . . [and] [t]he Swiss Embassy served the Iranian Ministry of Foreign Affairs[.]" (ECF No. 67, at pp. 24).  Here, just as with the complaint and summons, the judgment was sent through the Department of State to the Swiss Embassy and served upon the Iranian Ministry of Foreign Affairs. (ECF No. 85).  Thus, notice was properly given pursuant to 28 U.S.C. § 1608(a)(4).

Second, a reasonable period of time has elapsed since entry of the judgment on October 1, 2020, and service of that judgment on Iran on February 3, 2021. Since that time, Iran has made no effort to satisfy the judgment or make any indication that it intends to do so.  The five months that have elapsed since the judgment and the five weeks that have elapsed, as of the

3

time of this filing, since the service of the judgment on Iran, constitute a "reasonable" time under this Court's precedents. *See, e.g., Ned Chartering & Trading, Inc. v. Republic of Pak.*, 130 F.Supp.2d. 64, 67 (D.D.C.2001) (finding that six weeks was sufficient time given the facts of the case and noting that other courts have found two or three months sufficient); *Baker v. Socialist People's Libyan Arab Jamahirya*, 810 F. Supp. 2d 90, 101 (D.D.C.  2011) ("This court has repeatedly found that a period of a few months satisfies the time requirement of § 1610(c)."); *Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 8-9 (D.D.C. 2015) ("In the absence of any evidence that the defendants are making efforts to pay these judgments voluntarily—and there is none here—the Court is inclined to find three months a sufficient pause."); *see also Warmbier, et al. v. Democratic People's Republic of Korea*, No. 1:18-cv-00977-BAH, ECF No. 41 (D.D.C. March 26, 2019) (three months since the entry of judgment and five weeks since service).

It has been more than 14 years since Iran kidnapped Robert Levinson and over five months since this Court's judgment was entered.  Collecting judgments from Iran is both a complex and time-consuming process.  The Levinson family asks that they finally be permitted to pursue justice against Iran.

## CONCLUSION

Plaintiffs respectfully request that this Motion be GRANTED and that this Court enter the proposed Order attached hereto.

Dated: March 18, 2021

Respectfully submitted,

/s/ David L. McGee
David L. McGee
D.C. Bar No. FL0037
FL Bar No. 220000

dlm@beggslane.com
J. Nixon Daniel, III
FL Bar No. 228761
D.C. Bar No. FL0031
jnd@beggslane.com
Gregory R. Miller
FL Bar No. 284777
grm@beggslane.com
(Admitted Pro Hac Vice)
Matthew P. Massey
DC Bar No. 1023608
mpm@beggslane.com
Beggs & Lane, RLLP
501 Commendencia Street
Pensacola, Florida 32502
(850) 432-2451 (Main)
Counsel for Plaintiffs